UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS S. SULTON,<br><br>    Petitioner,<br><br>  v.<br><br>B. M. TRATE,<br><br>    Respondent. | No. 1:23-cv-00709-CDB (HC)<br><br>ORDER DENYING RESPONDENT'S MOTION TO STAY<br><br>(Doc. 9)<br><br>**30-Day Deadline** |

  Petitioner Travis S. Sulton ("Petitioner") is a federal prisoner proceeding pro se and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner filed the instant habeas petition on May 8, 2023, while in custody of the Bureau of Prisons at the United States Penitentiary, Atwater. (Doc. 1). Petitioner argues he was denied approximately 270 days of earned time credit that should have been applied to shorten his period of supervised release. (*See generally* Doc. 1).

  After review of the petition and finding it does not plainly appear that Petitioner is not entitled to relief, on August 20, 2025, the Court ordered Respondent to respond to the petition within 60 days. (Doc. 5).

  On the deadline to file a response (October 20, 2025), Respondent instead filed a motion to stay. (Doc. 9). Respondent argues a stay is warranted because appropriations to the Department of Justice ["DOJ"] (by whom counsel for Respondent and relevant employees of the

1

1  U.S. Bureau of Prisons ["BOP"] are employed) lapsed upon expiration of the relevant
2  appropriations act on September 30, 2025. *Id.* at 1.  As such, Respondent explains that neither
3  DOJ nor BOP counsel or staff are permitted to work until Congress has restored appropriations.
4  *Id.* at 1-2.  Respondent further asserts that, because BOP staff are unavailable to assist, counsel
5  for Respondent "cannot effectively respond to Petitioner's arguments." *Id.* at 2.

6  Respondent asserts that "counsel for Petitioner does not oppose Respondent's motion to
7  stay briefing." *Id.* at 2.

8  **I.   Standard of Law**

9  "[T]he power to stay proceedings is incidental to the power inherent in every court to
10  control the disposition of the causes on its docket with economy of time and effort for itself, for
11  counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Lockyer v. Mirant
12  Corp*, 398 F.3d 1098, 1109 (9th Cir. 2005).  "[I]f there is even a fair possibility that the . . . stay
13  will work damage to someone else, the party seeking the stay must make out a clear case of
14  hardship or inequity."  *Lockyer*, 398 F.3d at 1112; *United States v. Aerojet Rocketdyne Holdings,
15  Inc.*, 381 F. Supp. 3d 1240, 1250 (E.D. Cal. May 8, 2019).

16  In considering whether to grant a stay, this Court must weigh several factors, including
17  "[1] the possible damage which may result from the granting of a stay, [2] the hardship or
18  inequity which a party may suffer in being required to go forward, and [3] the orderly course of
19  justice measured in terms of the simplifying or complicating of issues, proof, and questions of law
20  which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.
21  1962) (citing *Landis*, 299 U.S. at 254–55).  In granting a stay, a court must weigh "the length of
22  the stay against the strength of the justification given for it." *Yong v. I.N.S.*, 208 F.3d 1116, 1119
23  (9th Cir. 2000).  "If a stay is especially long or its term is indefinite, [courts] require a greater
24  showing to justify it." *Id*.

25  **II.  Discussion**

26  In the pending motion, Respondent fails to weigh or even acknowledge the *CMAX* factors.
27  Further, Respondent falsely asserts that "counsel for Petitioner does not oppose Respondent's
28  motion to stay briefing" (Doc. 9 at 2), which cannot be true given that Petitioner is not

represented by counsel. While the Court acknowledges its discretion to temporarily stay proceedings under the circumstances described by Respondent in the motion, the Court does not find that the balance of *CMAX* factors favors staying proceedings. The Court, instead, will continue the deadline for Respondent's filing of a response by 30 days.

Counsel for Respondent is admonished that the Court disfavors motions seeking extensions of time filed on the deadline sought to be extended. *See* Local Rule 144(d) ("Counsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon as the need for an extension becomes apparent. Requests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor.").

Any failure by counsel for Respondent to comply with the Local Rules and any further false statements made by counsel for Respondent in the pleadings may result in the imposition of sanctions.

**Conclusion and Order**

Accordingly, it is hereby **ORDERED:**

1. Respondent's motion to stay (Doc. 9) is DENIED.
2. The deadline by which Respondent shall file a response to the petition, including any and all transcripts or other documents relevant to the resolution of the issues presented in the petition, is continued by 30 days, through and including **November 19, 2025**.
3. Petitioner's traverse to any Answer or Opposition to any motion to dismiss filed by Respondent is due on or before **30 days** from the date of Respondent's filing.

IT IS SO ORDERED.

Dated:   **October 22, 2025**                             _____
                                                                              UNITED STATES MAGISTRATE JUDGE