UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS SULTON,<br><br>        Petitioner,<br><br>   v.<br><br>B. M. TRATE,<br><br>        Respondent. | No. 1:23-cv-00709-CDB (HC)<br><br>ORDER TO SHOW CAUSE IN WRITING WHY ACTION SHOULD NOT BE DISMISSED FOR PETITIONER'S FAILURE TO OBEY LOCAL RULES AND FAILURE TO PROSECUTE<br><br>**14-DAY OBJECTION DEADLINE** |

Petitioner Travis Sulton ("Petitioner") is a federal prisoner proceeding pro se and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I. Background**

Petitioner filed the instant habeas petition on May 8, 2023, while in custody of the Bureau of Prisons ("BOP") at United States Penitentiary, Atwater. (Doc. 1). On August 20, 2025, the Court completed a preliminary review of the petition under Rule 4 of the Rules Governing Section 2254 Cases[1]. (Doc. 5). Petitioner argues he was denied approximately 270 days of earned time credit that should have been applied to shorten his period of supervised release. (*See generally* Doc. 1). Upon review, because it does not plainly appear that Petitioner is not entitled to relief, the

---

[1] The Habeas Rules may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. *See* Habeas Rule 1.

1

Court ordered Respondent to respond to the petition and set a briefing schedule. (*See* Doc. 5). The Court's order was served upon Petitioner. (*See* 8/20/2025 dkt. entry).

On October 15, 2025, the Court's order served upon Petitioner was returned by the U.S. Postal Service marked, "Undeliverable, No Longer at Facility." (*See* 10/15/2025 dkt. entry). More than 30 days have passed yet Petitioner has failed to update his address with the Court.

**II. Discussion**

Petitioner has failed to keep the Court apprised of his current address. Therefore, for the reasons set forth below, the undersigned will direct Petitioner to explain in a written filing why this action should not be dismissed for his failure to comply with the Local Rules and failure to prosecute the action.

*Applicable Legal Standards*

The Local Rules of this Court, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See*, *e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Local Rule 182(f) provides that a "pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address …. Absent such notice, service of documents at the prior address of the … pro se party shall be fully effective." Further, Local Rule 183(b) provides that a "party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned

by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."

*Analysis*

Here, Petitioner has failed to file a notice of change of address or to otherwise advise the Court of his current address. A search of the BOP's inmate database shows Petitioner was released from custody as of November 26, 2024.[2]

**III. Conclusion and Order**

Accordingly, the Court **ORDERS** Petitioner to show cause in writing, **within 14 days** of the date of service of this order, why this action should not be dismissed for his failure to comply with the Local Rules and failure to prosecute the action.

**Failure to comply with this order will result in dismissal of this action for failure to prosecute and to comply with the Local Rules**.

IT IS SO ORDERED.

Dated:   **December 4, 2025**                    _____
                                                  UNITED STATES MAGISTRATE JUDGE

---

[2] Federal Bureau of Prisons Inmate Locator, *available at* https://www.bop.gov/inmateloc/ (last accessed on December 3, 2025).