UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS SULTON,<br><br>              Petitioner,<br><br>    v.<br><br>B. M. TRATE,<br><br>              Respondent. | No. 1:23-cv-00709-CDB (HC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE FOR PETITIONER'S FAILURE TO OBEY THE COURT'S ORDERS AND LOCAL RULES AND FOR FAILURE TO PROSECUTE |

      Petitioner Travis Sulton ("Petitioner") is a federal prisoner proceeding pro se and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I. Background**

      Petitioner filed the instant habeas petition on May 8, 2023, while in custody of the Bureau of Prisons ("BOP") at United States Penitentiary, Atwater. (Doc. 1). On August 20, 2025, the Court completed a preliminary review of the petition under Rule 4 of the Rules Governing Section 2254 Cases[1]. (Doc. 5). Petitioner argues he was denied approximately 270 days of earned time credit that should have been applied to shorten his period of supervised release. (*See generally* Doc. 1). Upon review, because it does not plainly appear that Petitioner is not entitled to relief, the Court ordered Respondent to respond to the petition and set a briefing schedule. (*See* Doc. 5). The

---

[1] The Habeas Rules may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. *See* Habeas Rule 1.

Court's order was served upon Petitioner. (*See* 8/20/2025 dkt. entry).

On October 15, 2025, the Court's order served upon Petitioner was returned by the U.S. Postal Service marked, "Undeliverable, No Longer at Facility." (*See* 10/15/2025 dkt. entry). On December 2, 2025, a subsequent order of the Court served upon Petitioner similarly was returned by the U.S. Postal Service marked, "Undeliverable, No Longer at Facility." (*See* 12/2/2025 dkt. entry). Accordingly, on December 4, 2025, the Court issued an order to show cause, noting that more than 30 days had passed yet Petitioner had failed to update his address with the Court, and directing Petitioner to respond in writing why the action should not be dismissed for failure to obey this Court's Local Rules and failure to prosecute the action. (Doc. 13). The Court served the order upon Petitioner on December 4, 2025, and on December 16, 2025, the order served upon Petitioner was returned by the U.S. Postal Service marked, "Undeliverable, No Longer at Facility." *See* (12/16/2025 dkt. entry).

## II. Discussion

### *Applicable Legal Standards*

The Local Rules of this Court, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See*, *e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Local Rule 182(f) provides that a "pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address …. Absent such notice, service of documents at the

prior address of the … pro se party shall be fully effective."  Further, Local Rule 183(b) provides that a "party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (internal quotation marks & citation omitted).  These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action.  *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

Similarly, Federal Rule of Civil Procedure 41(b) allows the Court to dismiss an action if the petitioner fails to comply with a court order.  Fed. R. Civ. P. 41(b).  "By its plain text, a Rule 41(b) dismissal . . . requires a court order with which an offending [petitioner] failed to comply."  *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 891 (9th Cir. 2019) (internal quotation marks, citation, and footnote omitted).  The Court must analyze five factors before dismissing a case pursuant to Rule 41(b): "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [respondents]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."  *Id*. (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).  These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action.  *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted)

*Analysis*

Here, Petitioner has failed to file a notice of change of address or to otherwise advise the

Court of his current address. A search of the BOP's inmate database shows Petitioner was released from custody as of November 26, 2024.[2]

Thus, Petitioner has failed to comply with the Court's order to show cause and Local Rules and, as Petitioner has failed to provide the Court an address at which to effect service, there are no other reasonable alternatives available to address Petitioner's failure to respond and otherwise obey this Court's orders. Thus, the first and second factors—the expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440. The third factor, risk of prejudice to Respondent, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). This matter cannot proceed further without Petitioner's participation to prosecute the case by, among other things, providing an address at which Respondent can serve documents. The presumption of injury holds given Petitioner's unreasonable delay in prosecuting this action. Thus, the third factor—a risk of prejudice to the Respondent—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan*, 291 F.3d at 643. However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Petitioner has not moved this case forward toward disposition on the merits. Rather, his failure to comply with this Court's orders and Local Rules prevents the action from progressing given his failure to provide a current address within the timeframe set forth in Local Rule 183(b). Therefore, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440. Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, as discussed above, the Court's order to show cause cautioned Petitioner that failure to comply would result in dismissal of the action. (Doc. 13 at 3). The case opening documents

---

[2] Federal Bureau of Prisons Inmate Locator, *available at* https://www.bop.gov/inmateloc/ (last accessed on December 23, 2025).

advised Petitioner that, absent notice to the Court of any change of address, "service at the prior address shall be fully effective." (Doc. 3 at 2); *see* Local Rule 182(f).

In sum, Petitioner has failed to comply with this Court's orders and Local Rules, and in doing so, has failed to prosecute this action. Having weighed the equities and considered the relevant factors noted above, the undersigned concludes that dismissal of this action is warranted.

### III. Conclusion and Order

Accordingly, the Court DISMISSES this action, without prejudice, for Petitioner's failure to obey the Court's orders and Local Rules and failure to prosecute.

The Clerk of the Court is directed to close this case and terminate any deadlines.

IT IS SO ORDERED.

Dated:   **December 23, 2025**                    _____
                                                                        UNITED STATES MAGISTRATE JUDGE

5